IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID M. WILSON,

        Plaintiff,

v.

MICHAEL DITTMAN, MEREDITH MASHAK,
MS. FRY, CO ARNOLD, CO DITTMAN,
CO ZAHRTE, SGT. CHATMAN,
SGT. BRIANNA NOWAK, and CO AHLERS,

        Defendants.

OPINION AND ORDER

18-cv-360-slc

---

Pro se plaintiff David M. Wilson, a prisoner at Columbia Correctional Institution who suffers from multiple sclerosis, is proceeding against defendants Chatman and Ahlers on Eighth Amendment deliberate indifference claims related to improper distribution of his medication. Specifically, Wilson alleges that Chatman gave him the wrong medication on March 4, 2016, and refused to correct the problem, while Ahlers denied him his pain medication on December 31, 2017, and altered his medication card. Wilson is also proceeding against defendant Dittman in his official capacity as Warden, seeking injunctive relief against the policy permitting correctional officers to dispense medication.

Before the court is defendants' motion for summary judgment on the ground that Wilson failed to fully exhaustion his administrative remedies with respect to any of his claims. (Dkt. 47.) Defendants argue that summary judgment is appropriate because: (1) Wilson did not file any inmate complaint concerning the March 4, 2016 incident or the policy; and (2) did not appeal the dismissal of his complaint concerning the December 31, 2017 incident to the corrections complaint examiner (CCE). Because genuine disputes of material fact preclude entry of summary judgment in defendants' favor, I will set this matter for an evidentiary hearing under *Pavey v. Conley*, 528 F.3d 494, 496-98 (7th Cir. 2008), to be held via videoconference.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow *all* the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and (2) filing all available appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025.

The exhaustion requirement is mandatory, and meant to give prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, under the complaint procedures in effect during the time period relevant to this lawsuit,[1] prisoners begin the complaint process by filing a complaint with the institution complaint examiner (ICE) within 14 days after the incident giving rise to the complaint, unless good cause is shown for untimely filing. Wis. Admin. Code § DOC 310.09(6). An ICE then acknowledges receipt in writing within 5 working days. *Id.* § 310.11(2). The complaint is limited

---

[1] On April 1, 2018, a new version of Wis. Admin. Code § DOC ch. 310 went into effect. In this opinion, however, I will refer to the December 2014 version in place at the relevant time.

2

to one clearly identified issue. *Id.* § 310.09(1)(e). If the ICE rejects the complaint, the prisoner may appeal the rejection to the appropriate reviewing authority within 10 days. *Id.* § 310.11(5)-(6). If the ICE accepts the complaint, the ICE must make a recommendation to the reviewing authority, who in turn renders a decision. *Id.* §§ 310.11(3), (11), 310.12. If that decision is unfavorable to the prisoner, they may appeal to the corrections complaint examiner (CCE) within 10 days, unless good cause is shown for untimely filing. *Id.* § 310.13(1)-(2). The CCE then makes a recommendation to the DOC Secretary, who will take final action on the complaint. *Id.* § 310.14.

Defendants maintain that Wilson has not exhausted any of his claims. Indeed, Wilson's Inmate Complaint History Report (ICHR) shows no inmate complaints relating to the alleged March 4, 2016 incident involving Chatman or specifically concerning the policy allowing correctional officers to distribute medication.[2] (Dkt. 49-1.) As for the alleged December 31, 2017 incident involving Alhers, defendants acknowledge that Wilson filed an accepted inmate complaint raising the issue. (Dkt. 49-2 at 2, 8-9.) The ICE recommended dismissal after concluding that the change to Wilson's medication card was made by health service unit staff in line with the doctor's order for Wilson's medication, and the reviewing authority dismissed

---

[2] Based on the complaint summaries in Wilson's Inmate Complaint History Report, it does not appear that he ever filed a complaint concerning a policy allowing correctional officers to distribute medication, and Wilson makes no argument that he filed grievance challenging a specific policy. (Dkt. 49-1.) That said, he has filed multiple complaints beginning in 2013 alleging issues with medication distribution by officers or staff, including unsanitary distribution: CCI-2013-12908, CCI-2016-3047, CCI-2016-3048, CCI-2016-4675, CCI-2017-15605, CCI-2017-23375, CCI-2018-243, CCI-2018-12203. (Dkt. 49-1.) Not all of these complaints are in the record, and I acknowledge that several were rejected for failure to raise a significant issue (dkt. 4-1 at 14, 19, 24, 28), but these grievances at least suggest that Wilson was trying to draw attention to what he perceived to be an ongoing problem. I therefore will not dismiss his claim for injunctive relief at this point. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). The parties may develop this issue further at the *Pavey* hearing.

the complaint on March 15, 2018. (Dkt. 49-2 at 5-6.) However, there is no record of Wilson appealing that decision to the CCE in the complaint review system. (Dkt. 49-2 at 7.)

If Wilson did not make reasonable and timely attempts to invoke each level of the grievance process before filing suit, then he did not properly exhaust. However, courts have excused a prisoner's failure to complete the exhaustion process where prison officials do not respond to a properly filed grievance, or they provide unclear or confusing directions to prisoners, or no direction at all. *See Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005) (prison officials that fail to "clearly identif[y]" the proper route for exhaustion cannot fault prisoner for failure to make the correct choice); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (administrative remedies become unavailable if prison employees do not respond to a properly filed grievance); *Hernandez v. Dart*, 814 F.3d 386, 842-43 (7th Cir. 2016) (administrative remedies unavailable where prison officials failed to inform prisoner of grievance procedure and prisoner had no way of knowing about it).

Here, Wilson asserts that he filed a complaint regarding Chatman and an appeal from the dismissal of his complaint regarding Alhers. However, he also claims that he never received a response to either submission even after he followed up, raising a question as to whether the complaint review system was available to him. *See Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008) ("if Walker did submit a grievance but received no ruling, he was not required to file an appeal"); *Roberts v. Neal*, 745 F.3d 232, 236 (7th Cir. 2014) ("[A]ssuming a grievance was filed, [the prisoner] never received a response from the warden, and so didn't have to do anything further to keep his grievance alive.").

Wilson in particular represents in his opposition brief signed under penalty of perjury that while housed in segregation on March 8, 2016, he gave a correctional officer a timely complaint about the March 4 incident involving Chatman to be put in the inmate complaint box. Wilson represents that he followed up about a week later on March 15, after the 5-day window to acknowledge complaints passed without word from the ICE office, and provides a copy of a dated, unanswered information request to ICE Leiser.³ (Dkt. 54, dkt. 54-1.) Wilson claims that he still heard nothing, so he filed a second grievance about Chatman that was rejected as untimely. Similarly, Wilson attests that he filed an appeal on March 21, 2018 from the dismissal of his complaint concerning Alhers, but never received a response from the CCE. Wilson represents that he again followed up with ICE Leiser, and provides a copy of an unanswered information request dated April 30, 2018. (Dkt. 54-3.) With his response, Wilson includes a declaration authenticating these information requests. (Dkt. 54.)

Defendants urge the court to reject these representations as "bald assertion[s]" lacking evidentiary support and argue that even assuming Wilson's version of events is true, he has still failed to exhaust his claims. (Dkt. 55.) To the latter point, defendants take issue in reply with

---

³ As for why this grievance apparently never got to where it was going, Wilson claims that correctional officers were generally known to not always put complaints in the complaint box, so examiners now pick them up at cell doors. (Dkt. 53 at 2, dkt. 54-2 at 1.) An administrative remedy becomes unavailable if prison officials "otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Defendants argue that Wilson is just speculating, and has therefore not created a genuine issue of material fact as to whether a corrections officer thwarted his attempt to complain about Chatman. See FKFJ, Inc. v. Village of Worth, __ F.4th ___, 2021 WL 3782732, at *6 (7th Cir. 2021) (speculation and conjecture are insufficient to defeat a summary judgment motion; court need not draw every conceivable inference in favor of non-moving party). However, Wilson provides an attached information request confirming that the complaint collection procedure was changed, and attests that this change was made because "too many complaints were coming up missing" when given to officers. (Dkt. 53 at 2.) Although I am skeptical of plaintiff's position, and plaintiff does not identify to whom he gave his complaint, I will allow the parties to explore this issue at the *Pavey* hearing.

Wilson's allegation that he filed a second complaint about Chatman, noting that there is no record of this complaint or its rejection either, or of any attempt to appeal that rejection, so the claim is unexhausted. (Dkt. 55 at 2.) True, Wilson provides no detail regarding this second grievance, and does not even allege he appealed the rejection, but if he properly submitted his first complaint and prison officials failed to respond as he represents, then the claim was already exhausted. *See Dole*, 438 F.3d at 809.

As for whether Wilson filed an appeal regarding Alhers, defendants point to how the Seventh Circuit addressed a similar situation in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019). Like Wilson, Lockett claimed he had filed an appeal, even though there was no record of it. *Id*. at 1025-26. Because the CCE was required by regulation to provide a receipt within five working days of receiving an appeal, the court held that Lockett was "obliged to regard the absence of a receipt as a red flag; he should have undertaken, through the complaint procedure, an inquiry to ascertain why he had not received this important document." *Id.* at 1027. Because there was no evidence Lockett had made a "reasonable inquiry into the reason for the absence of a receipt," he had not exhausted the available remedies. *Id.* at 1028. But unlike Lockett, Wilson attests that he *did* inquire, and he provides a copy of an unanswered information request in support. (Dkt. 54-3.) Defendants contend, not unreasonably, that this is not good enough because Wilson wrote to an ICE rather than to the CCE Office where he allegedly sent the appeal (dkt. 55 at 2-3), but they do not specify where this requirement is stated in the applicable rules or elsewhere. *See* Wis. Admin. Code § 310.06 ("The department shall provide an inmate the opportunity to ask and have questions answered"). To the extent an information request

6

would not constitute a "reasonable inquiry" via the "complaint procedure" under *Lockett,* defendants do not argue the point.

Moreover, Wilson does more than simply claim that he filed a complaint and an appeal. He makes specific representations and authenticates his supporting documents under penalty of perjury, and I find his representations about his efforts to exhaust his claims to be sufficiently detailed to create a genuine dispute of fact as to whether he properly attempted to access the complaint review system but did not receive a response. Accordingly, to resolve defendants' affirmative defense of exhaustion, I will set this matter for a hearing, to be conducted via videoconference. *See Roberts*, 745 F.3d at 234 ("Roberts may have been lying about having filed a grievance – but alternatively the defendants may have been lying when they denied there was any record of such a grievance. A swearing contest requires an evidentiary hearing to resolve, and none was held"); *Winston v. Clarke*, 746 F. App'x 561, 564 (7th Cir. 2018) ("Perhaps greater detail was needed before the court would credit Winston's account, but *Pavey* instructs that the solution is further record development—not summary judgment").

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. 47) is DENIED.

2. In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Clerk of Court is directed to schedule a Zoom evidentiary hearing to determine whether plaintiff David

M. Wilson exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), with respect to his claims.

Entered this 7th day of September, 2021.

>BY THE COURT:
>/s/
>STEPHEN L. CROCKER
>Magistrate Judge